**In re HARRIS COUNTY HOSPITAL DISTRICT AUXILIARY, INC., Relator.**

No. 01–03–00338–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 2003.

Sandra D. Hachem, Assistant County Attorney, Houston, TX, for Appellant.

Elizabeth E. Ray, Houston, TX, for Appellee.

John C. Osborne, Houston, TX, for Real Party in Interest.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## MEMORANDUM OPINION

SHERRY RADACK, Chief Justice.

Harris County Hospital District Auxiliary, Inc., relator, (HCHDA) has filed a petition for writ of mandamus complaining of the trial court's February 25, 2003 order reinstating the case of Jo Ella Sparks, the real party in interest.[1] In the petition, HCHDA argues that the trial court's order of reinstatement is void because it was signed after the trial court's plenary power had expired following the granting of the hospital district's summary judgment in HCHDA's favor. We conditionally grant the writ.

### Background

The mandamus record reflects that on October 29, 2001, Sparks sued "Harris County Hospital District Auxiliary, f/k/a Ben Taub General Hospital District Auxiliary, d/b/a Ben Taub General Hospital and also d/b/a Harris County Hospital District" for injuries sustained in a slip and fall. HCHDA, the only defendant named in Sparks's suit, was served with citation. HCHDA responded in a single document, which included a plea in abatement, special exceptions, an original answer, and a jury

1. The Honorable Elizabeth Ray, presiding judge of the 165th District Court of Harris County, Texas. The underlying proceeding is trial court cause no. 2001–55546, styled *Joe Ella Sparks v. Harris County Hospital District Auxilliary, f/k/a Ben Taub General Hospital District Auxilliary, d/b/a Ben Taub General Hospital and also d/b/a Harris County Hospital District*.

demand. In its answer, HCHDA denied that it did business in the various names under which it was being sued by Sparks, and it also denied liability. In its plea in abatement, HCHDA averred that it "never had ownership, possession, management, or control of the premises, facilities, instrumentalities and equipment where the incident in question occurred." HCHDA further argued that the actual owner of the premises was the Harris County Hospital District, an entity that had not been sued or served with citation in this case.

HCHDA subsequently filed a motion for summary judgment, arguing again that it could not be held liable for Sparks's alleged injuries because it did not control, own, or possess the premises where Sparks contended she was injured. Sparks did not amend her petition, but responded and asked for a continuance.[2] The trial court granted HCHDA's motion for summary judgment on October 3, 2002. Sua sponte, three weeks after the summary judgment was granted, the trial court sent notice of intent to dismiss the case for failure to prosecute.

On November 1, 2002, Sparks filed a motion for new trial. The trial court did not rule on the motion, and it was overruled by operation of law on December 17, 2002. On December 23, 2002, the trial court dismissed Sparks's case for want of prosecution. Thirty days after the order of dismissal was signed, Sparks filed an unverified motion to reinstate. HCHDA filed a response, asserting that the motion

to reinstate was insufficient because it was not verified. After the order for dismissal for want of prosecution was signed, Sparks filed a reply to HCHDA's response, including a verification of Sparks's motion to reinstate.[3]

On February 25, 2003, the trial court granted Sparks's motion to reinstate. The trial court denied HCHDA's motion to vacate the trial court's order of reinstatement, and HCHDA then filed this proceeding, requesting issuance of a writ of mandamus against the trial court for denying HCHDA's request to vacate the order of reinstatement.

### Discussion

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or the violation of a legal duty when there is no adequate remedy at law. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex.1999). In determining whether there has been a clear abuse of discretion justifying mandamus relief, the reviewing court must consider whether the trial court's ruling was one compelled by the facts and circumstances or was arbitrary, unreasonable, or reached without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *see Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985).

HCHDA has the burden to present the appellate court with a record sufficient to establish a right to mandamus.

---

2. In her response to HCHDA's summary judgment, Sparks admits, *"plaintiff can't disagree that the defendant is technically the wrong party.* However, in an abundance of caution, plaintiff originally pled Harris County Hospital as a correct party and therefore, while *the actual party served should be dismissed,* the entire case should not be dismissed as plaintiff did actually plead the correct party in its heading."* (emphasis added)

3. Sparks alleged that, although a verification dated January 21, 2003, and attached to her reply of January 30, 2003, was excluded from the motion to reinstate due to a clerical error by Sparks's counsel's office, it was adequate under Texas Rule of Civil Procedure 165(a)(3). We need not reach this issue.

*See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992). With respect to factual matters committed to the trial court's discretion, the appellate court may not substitute its judgment for that of the trial court. *Id.* at 839–40. However, a review of the trial court's determination of controlling legal principles is entitled to much less deference. *Id.* at 840. "We must focus on the record that was before the court and whether the decision was not only arbitrary but also amounted 'to a clear and prejudicial error of law.'" *In re Bristol–Myers Squibb Co.*, 975 S.W.2d 601, 605 (Tex.1998).

In the controlling issue, HCHDA argues that the trial court's February 25, 2003 order reinstating Sparks's suit is void because it was signed after the court's plenary power had expired. In response, Sparks contends that the trial court retained jurisdiction over the case because the summary judgment signed on October 3, 2002, was interlocutory in nature, and, thus, did not initiate the countdown of the trial court's plenary power.

### The Summary Judgment was Final and Triggered the Appellate Timetable

■ When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001). Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other par-

ties. *Id.* To determine whether the summary judgment order disposes of all pending claims and parties, we look to the record in the case. *Id.* at 205–06.

■ This case concerns only one plaintiff and only one defendant, and the summary judgment disposed of every claim against that one defendant; therefore, the summary judgment order is final. On its face, Sparks's petition clearly identifies HCHDA as the only defendant. Sparks named HCHDA in the petition heading and listed three additional names under which HCHDA might be known, using "f/k/a" and "d/b/a." Further, Sparks indicated in the petition that service would be sought only against HCHDA, and HCHDA was the only party served. Although Sparks alleged that she re-issued service to the correct party, (the Harris County Hospital District), her evidence was insufficient to support such an allegation.[4] Because Harris County Hospital District was neither named in Sparks's petition, nor served with process, Sparks cannot now claim Harris County Hospital District was a party. *See* Tex.R. Civ. P. 124 (generally, defendant is not a party to a suit unless defendant is served, appears, or waives service).

Furthermore, the summary judgment order contains language that indicates finality. *See Lehmann*, 39 S.W.3d at 205. The court's order granting HCHDA's summary judgment stated:

> On this day, after proper notice to all parties, came on to be considered the Motion for Summary Judgment of Harris County Hospital District Auxiliary,

---

4. As evidence of service of process to the Harris County Hospital District, Sparks offered a letter from Sparks's counsel to the District Clerk requesting service to Harris County Hospital District. Alone, the letter is not sufficient evidence of service. *See Pri-* *mate Construction, Inc., v. Silver*, 884 S.W.2d 151, 152–53 (Tex.1994) (return of service is prima facie evidence of the facts recited therein and it is the responsibility of the one requesting service to see that service is properly reflected in the record).

Inc. and the Court, having considered the motion, pleadings, affidavits and authenticated public records on file, and arguments thereon, is of the opinion that this motion should be granted. It is, therefore, ordered that Plaintiff's cause of action against Harris County Hospital District Auxiliary, Inc. *be and it is hereby dismissed with prejudice and that Plaintiff take nothing by her suit against Harris County Hospital District Auxiliary, Inc.* It is further ordered that costs of court be taxed against Plaintiff.

(emphasis added). Because there are no other claims by other parties, language that Sparks take nothing by her suit against HCHDA and that her cause of action is dismissed shows finality. *See Lehmann,* 39 S.W.3d at 205. We conclude that the summary judgment signed on October 3, 2002 was a final judgment and consequently, triggered the appellate timetable. *See* Tex.R. Civ. P. 306a(1).

### The Reinstatement Order Was Signed after the Trial Court's Plenary Power Expired

When a motion for new trial is not determined by written order signed within 75 days of the judgment, the motion for new trial is overruled by operation of law, and the trial court's plenary power expires 30 days after the motion is overruled. Tex.R. Civ. P. 329b(c), (e); *see In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998); *Estate of Townes v. Wood,* 934 S.W.2d 806, 807 (Tex.App.-Houston [1st Dist.] 1996, no writ). An order granted after the court's plenary power expires is void and constitutes an abuse of discretion. *In re Southwestern Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex.2000). Because an order granted after a court's plenary power is void, HCHDA need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate. *In re Southwestern Bell,* 35 S.W.3d at 602.

Here, the summary judgment was signed on October 3, 2002. Consequently, because the trial court did not formally rule on appellant's motion for new trial, on December 17, 2002, the motion was overruled by operation of law. The trial court's plenary power thereafter expired on January 16, 2003. Thus, the February 25, 2003 order reinstating Sparks's suit was signed after the trial court's plenary power expired and is, therefore, void. *See In re Dickason,* 987 S.W.2d at 571.

We sustain the portion of HCHDA's complaint that the trial court did not have the power to sign an order reinstating Sparks's suit on February 25, 2003, after its plenary power had expired.

HCHDA also complains that, even if the trial court had not already lost plenary power by virtue of the October 3, 2002 summary judgment order, the court's plenary power expired on January 22, 2003, thirty days after the dismissal order was signed because Sparks's unverified motion to reinstate was insufficient to extend the court's plenary power. Because our holding above is dispositive, we need not reach this issue, and decline to do so.

### Conclusion

We hold that the trial court abused its discretion by granting the order to reinstate Spark's case after its plenary power expired. We, therefore, conditionally grant the writ of mandamus and direct the trial court to vacate its February 25, 2003 reinstatement order. The writ will issue only if the trial court fails to do so.