NO.
12-07-00062-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: HOME STATE COUNTY

MUTUAL
INSURANCE COMPANY,        §                      ORIGINAL PROCEEDING

RELATOR

§          

 

 



MEMORANDUM OPINION

            Home State
filed a petition for writ of mandamus challenging the trial court’s order
granting the motion of real party in interest, George Horn Jr., to sever his Stowers[1] claim from his other claims
against Home State.  We conditionally
grant the petition.[2]

 

Background

            Horn was
severely injured in a single vehicle automobile accident.  Horn was the passenger.  The driver was killed.  Prior to filing suit with regard to the
automobile accident, Horn’s attorney sent a letter dated June 10, 1999 to Home
State, the driver’s insurance provider, in which he offered to settle Horn’s
claim for policy limits.  He also
promised to fully release the insured from all liability and satisfy the
hospital lien(s), provided the settlement check was received in his office on
or before 5:00 p.m. on June 25, 1999. 
The letter further stated that Horn’s hospital bills as of the date of
the letter totaled $213,971.55.








            Home State
sent a settlement check to Horn’s attorney, which he refused to accept claiming
that it was not received by the deadline set forth in the June 10 letter.  Horn subsequently caused an administrator to
be appointed for the driver’s estate, sued the administrator, and ultimately
recovered a judgment for $10,231,844.06.

            Two years
later, Horn, as assignee of the administrator of the driver’s estate, sued Home
State for negligent failure to settle a Stowers
claim.  Horn also pleaded that Home State
was liable to him for breach of contract, breach of its duty of good faith and
fair dealing, violating Texas Insurance Code, articles 21.21 and 21.55,[3] violating the Texas Deceptive Trade Practices Act, and for
attorney’s fees.[4] 
The administrator later joined in the suit.

            After the
hearing on his previously filed motion for summary judgment was continued, Horn
filed another motion for summary judgment pertaining to his Stowers cause of action.[5] 
While Horn’s later filed summary judgment was pending, he filed a motion
to sever the Stowers cause of action in the event the
trial court granted summary judgment on it. 
On December 8, 2006, the trial court granted Horn’s motion for summary
judgment on his Stowers claim and his motion to sever the
Stowers cause of action.  Thereafter, Home State filed a petition for
writ of mandamus complaining of the trial court’s order granting the motion to
sever.

 

Jurisdiction

            Initially,
we must determine whether we have jurisdiction to consider the issue Home State
raises in this proceeding.  In Horn’s
supplemental response to Home State’s petition, he argues that the dispute is
moot because, after Home State filed its petition, Horn nonsuited all of his
pending claims in the original cause except his Article 21.55 cause of action and his claim for attorney’s
fees.  Horn also filed a motion to
dismiss, in which he contends that the dispute is moot because the trial court
has lost plenary power over the severed cause.

            The “judicial
power does not embrace the giving of advisory opinions.”  Gen.
Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990).  The “mootness doctrine” dictates that courts
decide only those issues that present a “live” controversy at the time of the
decision, thereby avoiding the rendering of advisory opinions.  Camarena
v. Tex. Employment Comm’n, 754 S.W.2d 149, 151 (Tex. 1988). 
Thus, a case becomes moot, and we must dismiss it, if no case or
controversy exists between the parties.  In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005).

            Horn’s
nonsuit of the claims pending in the initial action has no effect on our
jurisdiction.  Although a trial court can
render a proceeding moot by withdrawing the order at issue, the order of
severance in this case is still in effect. 
By its order, the trial court severed the underlying proceedings into
two causes:  the original cause for the
remaining insurance code claim and the claim for attorney’s fees and the new
cause for the Stowers action.  Therefore, a live controversy still exists
between the parties.

            Further,
the trial court’s loss of plenary power affects the trial court’s jurisdiction,
but not the appellate court’s jurisdiction. 
At the time the trial court ordered the severance, it had jurisdiction
over the case.  If the trial court, by
its order, abused its discretion, and there is not an otherwise adequate remedy
by appeal, we have the power to issue mandamus relief.  See In re General Metal Fabricating Corp., No. 01-06-00879-CV, 2006 WL 3316877, at *3 (Tex.
App.–Houston [1st Dist.] Nov. 16, 2006, orig. proceeding) (mem. op.)
(conditionally granting writ of mandamus regarding improper severance and
failure to abate more than thirty days after the severance order); In re Harris County Hosp. Dist. Auxiliary, Inc., 127 S.W.3d 155, 159 (Tex. App.–Houston
[1st Dist.] 2003, orig. proceeding) (conditionally granting writ of mandamus
regarding improper granting of motion to reinstate where trial court had lost
plenary jurisdiction); Clark v. Bula, No. 05-01-00887-CV, 2002 WL
1371195, at *3 (Tex. App.–Dallas Jun. 16, 2002, orig. proceeding) (not
designated for publication) (conditionally granting writ of mandamus regarding
improper sanctions order where the trial court had lost plenary
jurisdiction).  Therefore, we hold that
we have jurisdiction to determine if mandamus should issue.

 

Availability of Mandamus

            Mandamus will issue to correct a
clear abuse of discretion where there is no adequate remedy by appeal.  In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005); Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992).  To determine whether the trial court clearly
abused its discretion, the reviewing court must consider whether the challenged
ruling or order was one compelled by the facts and circumstances or was
arbitrary, unreasonable, or reached without reference to any guiding rules or
principles.  In re Huag, 175 S.W.3d 449, 451 (Tex. App.–Houston [14th Dist.] 2005,
orig. proceeding).  A clear failure by
the trial court to analyze or apply the law correctly will constitute an abuse
of discretion.  Walker, 827 S.W.2d at 840. 


            The
trial court has no discretion in determining what the law is or applying the
law to the facts.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135 (Tex.
2004).  An appellate remedy is “adequate”
when any benefits to mandamus review are outweighed by the detriments.  Id. at 136.  This determination depends heavily on the
circumstances presented and is better guided by general principles than by
simple rules.  Id. at 137.  The relator
has the burden of showing that the trial court abused its discretion and that
appeal is an inadequate remedy.  See
In re E. Tex. Med. Ctr. Athens, 154 S.W.3d 933, 935 (Tex. App.–Tyler
2005, orig. proceeding).

 

Abuse of Discretion

            In
considering whether the trial court abused its discretion in granting Horn’s
motion to sever, our review is limited to the record as it existed before the
trial court at the time of the decision. 
See In re
Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex.1998).[6] 
A trial court properly exercises its discretion in severing claims when
(1) the lawsuit involves more than one cause of action, (2) the severed claim
could be asserted in a separate lawsuit, and (3) the severed claim is not so
interwoven with the other claims that they involve the same facts and
issues.  Liberty Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996).

            In
the instant case, whether the lawsuit involves more than one cause of action
and whether the severed claim could be asserted in a separate lawsuit are not
disputed.  However, the nucleus of
operative facts underlying Horn’s Stowers claim is the same as underlies
his claims in the original cause. 
Specifically, in his third amended petition, Horn alleges with regard to
his claims for breach of contract, breach of the duty of good faith and fair
dealing, violation of the Texas Insurance Code, articles 21.21 and 21.55, and
violation of the Texas Deceptive Trade Practices Act that Home State is liable to him for acts or
omissions related to its handling of his time demand settlement offer.  Thus, the central issue is whether Home State’s
manner of handling Horn’s settlement offer was appropriate.  As such, we conclude that Horn’s Stowers claim is so interwoven with the other claims that
they each involve the same facts and issues. Therefore, the trial court did not
properly exercise its discretion in severing Horn’s Stowers claim.

            Even
if we limited our consideration to the claims remaining after the trial court
granted Horn’s motion for nonsuit, the trial court’s severance order amounts to
an abuse of discretion because the remaining claims involve facts and issues
too interwoven to permit severance.  Horn’s
claim for attorney’s fees requires a breach of contract, and the only claim for
breach of contract related to Home State’s alleged improper or unfair
settlement practices.  Finally, Texas
Insurance Code, article 21.55 relates to the processing and settlement of
claims.  As such, by maintaining his
article 21.55 claim, the nucleus of facts underlying Horn’s lawsuit remained
grounded in allegations that Home State engaged in unfair settlement
practices.  Therefore, we hold that the
trial court abused its discretion in severing Horn’s Stowers claim.

 

Adequate Remedy at Law

            Having determined that the granting
of the motion to sever was an abuse of discretion, we next consider whether
Home State has an adequate remedy at law. 
Mandamus is not to be used as a substitute for an ordinary appeal.  In re Barrett, 149 S.W.3d 275, 280 (Tex. App.–Tyler 2004, orig.
proceeding).  But mandamus review can be
used to “spare private parties and the public the time and money utterly wasted
enduring eventual reversal of improperly conducted proceedings.”  In re Prudential, 148 S.W.3d at 136. 
In addressing whether there is an adequate remedy by appeal, the word “adequate”
has no comprehensive definition; it is simply a reference to the careful
balance of jurisprudential considerations that determine when appellate courts
will use original mandamus proceedings to review the actions of lower
courts.  Id.  These
considerations implicate both public and private interests.  Id.  An appellate remedy is “adequate”
when the benefits of mandamus review are outweighed by the detriments.  Id.  Conversely, when the benefits
outweigh the detriments, appellate courts must consider whether the appellate
remedy is adequate.  Id.  Among other
factors, we consider the procedural dynamics of the case in determining whether
the appellate remedy is adequate.  Id.

            Here, if we allowed the improper
severance to stand, Home State would be required to defend the case on two
fronts.[7]  Further, should Home State’s appeal be
successful, it would be required to defend a separate trial related to its Stowers claim.  “Appeal
may be adequate for a particular party, but it is no remedy at all for the
irreversible waste of judicial and public resources that would be required here
if mandamus does not issue.”  Id. (quoting In re Masonite Corp., 997 S.W.2d 194, 198 (Tex. 1999)).  Thus, we hold that Home State does not have
an adequate remedy at law.

 

Conclusion

            Having concluded that the trial
court abused its discretion by granting Horn’s motion to sever and that Home
State does not have an adequate remedy at law, we conditionally grant
mandamus relief.  We trust that the trial court will promptly vacate
its order of December 8, 2006 granting Horn’s motion to sever the Stowers claim and issue an order denying Horn’s motion to
sever.  The writ will issue only if the
trial court fails to comply with this court’s opinion and order within
ten days. 
Our stay of April 5, 2007
is lifted to the extent
necessary to allow the trial court to (1) vacate its order of December 8, 2006
granting Horn’s motion to sever the Stowers claim, (2) issue an order denying Horn’s motion to
sever the Stowers claim, and (3)
reconsolidate the two causes into one cause. 
The stay shall
remain in effect for all other purposes. 
The trial court shall furnish this court, within the time for compliance
with this court’s opinion and order, a certified copy of its order evidencing
such compliance.  Horn’s motion to
dismiss is overruled.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

Opinion delivered May 16,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

            

 

 

 

(PUBLISH)











[1] G.A. Stowers Furniture Co. v. American Indem. Co., 15 S.W.2d 544, 547 (Tex. Comm’n
App. 1929, holding approved).

 





[2] The respondent is the Honorable Charles R. Mitchell, Judge of the 273rd
Judicial District Court of Sabine County, Texas.





[3] Articles 21.21 and 21.55 were repealed and recodified effective April
1, 2005.  See Act of May 10, 2001,
77th Leg., R.S., ch. 290, § 1, 2001 Tex. Gen. Laws 548, 548-51 (repealed and
recodified 2003) (current version at Tex.
Ins. Code Ann. §§ 541.001–.454 (Vernon Pamph. Supp.2005)); Act of May
27, 1991, 72nd leg., R.S., ch. 242, § 11.3, 1991 Tex. Gen. Laws 939,
1043-45 (repealed and recodified 2003) (current version at Tex. Ins. Code Ann. §§ 542.051–.061
(Vernon Pamph. Supp. 2005)).  However,
the former articles 21.21 and 21.55 are applicable to ths case.  Therefore, in our discussion, we will refer
to these articles as previously codified.





[4] See Tex. Civ. Prac. & Rem. Code Ann. §
38.001 (Vernon 1997). 





[5] Based on our review of Horn’s motion for summary judgment, and despite
Horn’s contentions to the contrary, we conclude that the motion applied only to
his Stowers claim.

 





[6] Horn nonsuited several claims still pending in the
original cause number, but only after the trial court had severed the Stowers claim and Home
State had filed its petition for writ of mandamus. 
Since our review is limited to the record as it existed before the trial
court at the time of the decision, Horn’s subsequent nonsuit of his claims is
of no consequence to our decision.





[7] Home State has filed an appeal of the trial court’s order granting Horn’s
motion for summary judgment pertaining to Home State’s Stowers claim.