**Affirmed in part, Reversed and Remanded in part, and Memorandum Opinion filed August 28, 2018.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-17-00050-CV

---

## ROBERT LEE SLAUGHTER, SR., Appellant

## v.

## CARVEL JOHNSON, Appellee

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2016-16942**

---

## M E M O R A N D U M   O P I N I O N

Appellant Robert Lee Slaughter, Sr. brought claims for trespass to try title, conversion, and declaratory judgment against Carvel Johnson. The trial court granted no-evidence summary judgment in favor of Johnson on all of Slaughter's claims. In three issues, Slaughter contends the trial court erred in disposing of his claims. We hold the trial court improperly granted summary judgment on Slaughter's claims for conversion and declaratory judgment. We therefore affirm in part and reverse and

remand in part the trial court's order granting summary judgment.

## I. BACKGROUND

Slaughter has lived next door to Johnson's family since 1968. In 2015, Johnson obtained a survey of his family's residential lot. The survey showed that a wrought iron fence and part of a driveway installed and used by Slaughter extended over the Johnsons' property line. A dispute arose over the section of land between the parties' properties.

In March 2016, Slaughter sued Johnson for trespass to try title under chapter 22 of the Texas Property Code and the Texas Rules of Civil Procedure 783 et seq. Slaughter's petition stated that the lawsuit concerned title to his real property: "Lot Twelve (12) BLK Five (5), Hillwood Addition, Section 5 of Harris County, Texas." Slaughter alleged that Johnson was "harassing [his family] to move, [sic] their fence, driveway and the eve of their storage shed because [Johnson] alleges they are encroaching on his property." Slaughter's petition included a request for a temporary restraining order and a temporary injunction prohibiting Johnson from (1) communicating with Slaughter in a "vulgar, profane, obscene [sic], or using indecent language or otherwise acting in an offensive manner," and (2) "digging up Mr. Slaughter's fence or driveway or interfering with his use and enjoyment of [his] fence and driveway." The trial court granted the requested temporary restraining order and later entered a temporary injunction prohibiting both parties from taking certain actions with respect to each other and the property.[1]

---

[1] Specifically, the temporary injunction stated, in relevant part:

> It is therefore **ORDERED, ADJUDGED AND DECREED** that all parties are enjoined and immediately restrained from:
>
> > Communicating with each other in person, by telephone, or in writing [i]n vulgar, profane, obscene, or indecent language, or in a coarse or [o]ffensive manner.

In May 2016, Johnson, pro se, filed a no-evidence motion for summary judgment. Slaughter responded that the motion was premature. Slaughter pointed out that the agreed docket control order in the case provided that (1) the discovery period would not close until October 28, 2016, and (2) "Rule 166a(i) motions may not be set before [July 8, 2016]." Slaughter also alleged there were defects in the form and substance of Johnson's motion. The trial court denied the motion.

In August 2016, Johnson filed a first amended no-evidence motion for summary judgment. Slaughter again responded that the motion was premature, filed two months before the close of the discovery period. Slaughter reiterated his argument that there were defects in the form and substance of Johnson's motion. The trial court denied the motion.

Slaughter amended his petition to add a conversion cause of action and a request for declaratory judgment.[2] Slaughter's conversion cause of action was based on Johnson's alleged conversion of the fence between the properties. Slaughter alleged that on or about March 18, 20[16] (days before the temporary restraining order issued), Johnson "tore down the wrought iron fence put up by" Slaughter between the adjoining

Threatening each other in person, by telephone, or in writing to take [u]nlawful action against him or any family member of either party.

All parties are to maintain at least 100′ (feet) from each other at all times.

Causing bodily injury to each other.

Threatening each other with imminent bodily injury.

Destroying, removing[,] concealing, encumbering, transferring, or otherwise [h]arming or reducing the value of any of the parties.

Falsifying any writing or record relating to the property of any of the parties.

The Court finds that Defendant[] is restrained from removing the driveway bordering Plaintiff['s] and Defendant's property.

(emphasis original).

[2] Slaughter amended his petition on August 30, 2016.

properties. Slaughter's request for declaratory judgment sought clarification of "Plaintiff's rights in connection with the fence and property it was installed on." Slaughter wanted a declaratory judgment to resolve the controversy over "who is the owner of the fence and who is the owner of the property the fence was installed on."

On October 21, 2016, Johnson filed a second amended no-evidence motion for summary judgment. The motion addressed Slaughter's claim for trespass to try title. The motion also asserted, "Plaintiff has failed to provide any evidence supporting any valid claim against the defendant." However, the motion did not specifically address Slaughter's cause of action for conversion or his request for declaratory judgment. Slaughter did not respond to the motion.

The trial court granted Johnson's second amended no-evidence motion and dismissed with prejudice all Slaughter's claims against Johnson. The trial court also awarded Johnson damages, sanctions, and injunctive relief.

Slaughter timely appealed the trial court's order.

## II. ANALYSIS

### A. Finality of the judgment and jurisdiction

In support of his third issue, Slaughter contends that the trial court's order granting summary judgment is not a final judgment. Specifically, Slaughter asserts the order is not a final judgment because it does not conform to Texas Rule of Civil Procedure 301. Rule 301 provides, in part:

> The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity.

Tex. R. Civ. P. 301. Slaughter argues the judgment does not conform to the pleadings because "it does not dispose of all issues[] and all parties."

4

Because our jurisdiction over this appeal depends on a final judgment, we first determine whether the trial court's order constitutes a final judgment. As a general rule—with few, mostly statutory exceptions—a party may appeal only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Under *Lehmann*, a judgment issued without a conventional trial is final for purposes of appeal if it either (1) actually disposes of every pending claim and party, or (2) states with unmistakable clarity that it is a final judgment. *Id.* at 205.

We determine whether a judicial decree is a final judgment from its language and the record. *Id.* at 195. In *Lehmann*, the Texas Supreme Court explained that the determination of whether of a judgment is final does not depend on whether the judgment contains the words "final" or "appealable." *Id.* at 205–06. Rather, a judgment is final when it dismisses all claims against all parties:

> An order does not dispose of all claims and all parties merely because it is entitled "final", or because the word "final" appears elsewhere in the order, or even because it awards costs. Nor does an order completely dispose of a case merely because it states that it is appealable, since even interlocutory orders may sometimes be appealable. Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case. Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality if there are no other claims by other parties; but language that "plaintiff take nothing by his claims against X" when there is more than one defendant or other parties in the case does not indicate finality.

> To determine whether an order disposes of all pending claims and parties, it may of course be necessary for the appellate court to look to the record in the case. Thus, in the example just given, if the record reveals that there is only one plaintiff and only one defendant, X, the order is final, but if the record reveals the existence of parties or claims not mentioned in the order, the order is not final. On the other hand, an order that expressly disposes of the entire case is not interlocutory merely because the record fails to show an adequate motion or other legal basis for the disposition. The record may help illumine whether an order is made final by its own language, so that an order that all parties appear to have treated as final

5

> may be final despite some vagueness in the order itself, while an order that some party should not reasonably have regarded as final may not be final despite language that might indicate otherwise.

*Id.*; *see also In re Harris Cty. Hosp. Dist. Aux., Inc.*, 127 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (holding summary judgment order indicated finality where it ordered plaintiff's cause of action "hereby dismissed with prejudice and that Plaintiff take nothing by her suit"); *Lopez v. Yates*, No. 14–01–00649–CV, 2002 WL 31599472, at *2 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (mem. op., not designated for publication) (holding trial court's summary judgment order final and appealable where "the trial court granted summary judgment as to *all claims* between the only existing parties"); *Alashmawi v. IBP, Inc.*, 65 S.W.3d 162, 167 (Tex. App.—Amarillo 2001, pet. denied) (holding appellate court had jurisdiction where trial court's order stated "the Motions for Summary Judgment should be granted as to all claims asserted by Plaintiff").

The summary judgment order in this case purported to dismiss all claims against all parties in the case. This case concerns only one plaintiff and one defendant. Slaughter's contention that Johnson lacked standing or was "not the true owner" of the property at issue is without merit. Slaughter and Johnson were the only parties to the lawsuit, and the summary judgment order explicitly purported to dispose of all the claims between them. The order specifically stated, "ORDERED, ADJUDGED and DECREED that all of Plaintiff's claims against Defendant Carvel Johnson are herein dismissed with prejudice."

Slaughter asserts the order was not final because it did not address his causes of action for conversion or declaratory judgment and the court could not grant a no-evidence motion for summary judgment on issues not raised in the motion. This argument does not affect our appellate jurisdiction. The law is well-settled that "an order that expressly disposes of the entire case is not interlocutory merely because the

6

record fails to show an adequate motion or other legal basis for the disposition." *Lehmann*, 39 S.W.3d at 206.

For example, in *Ritzell v. Espeche*, Ritzell moved for summary judgment on all Espeche's claims. 87 S.W.3d 536, 537 (Tex. 2002). Days before the hearing on the motion, Espeche filed amended pleadings, asserting new claims on behalf of her son, Jonathan. *Id.* Ritzell moved for leave to amend his summary judgment motion to address the new claims.[3] *Id.* The trial court made a docket notation granting Ritzell leave to amend his motion but never signed an order to that effect. *Id.* After the trial court granted summary judgment in favor of Ritzell, Espeche appealed, arguing in part that summary judgment was erroneous because Ritzell's original motion for summary judgment did not address the new claims. *Id.* The court of appeals ruled that the summary judgment order was interlocutory, stating:

> Because Ritzell's amended motion for summary judgment addressing Jonathan Espeche's claim was not properly before the trial court, summary judgment could not be granted on that claim. Thus, the final summary judgment does not dispose of all claims.

*Id.* at 538. The Texas Supreme Court disagreed. Citing *Lehmann*, the Supreme Court held that the trial court's summary judgment order included language showing the finality of the order. Specifically, the Court stated:

> [The trial court's order] expressly ordered that Espeche take nothing, individually and as Jonathan's next friend. Whether the trial court erred in adjudicating Jonathan's claims we do not consider; we hold only that the trial court was unequivocally clear that those claims were adjudicated, and therefore the summary judgment was final.

*Id.*

This court made a similar determination in *WorldPeace v. Commission for*

---

[3] His motion for leave contained an amended summary judgment motion. *Id.*

*Lawyer Discipline*, 183 S.W.3d 451 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). In that case, WorldPeace argued the trial court's summary judgment order was interlocutory because the Commission for Lawyer Discipline did not list in its no-evidence motion for summary judgment the elements for each cause of action on which it alleged there was no evidence. *Id.* at 463. WorldPeace asserted the summary judgment order could not dispose of the claims for which specific elements were not identified. *Id.* This court rejected the argument, explaining that the summary judgment order was final where the order granted the motion on all causes of action:

> [T]he Texas Supreme Court has made it clear that finality is assessed based on whether the order or judgment disposes of the entire case and not whether there was an adequate motion or other legal basis for the disposition. *See Ritzell v. Espeche*, 87 S.W.3d 536, 537–38 (Tex. 2002); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205–06 (Tex. 2001). Thus, in considering finality, we do not look to the analytical sufficiency of the motion for summary judgment to determine whether the summary judgment order disposed of WorldPeace's claims; rather, we look to the summary judgment order itself. In this case, the summary judgment order granted the motion for summary judgment on all causes of action identified therein. Accordingly, WorldPeace's arguments that the judgment of disbarment was interlocutory because the trial court improperly granted the motion for summary judgment is without merit.

*Id.*

Here, the language of the trial court's order purported to dismiss with prejudice all claims between the only existing parties. *See Lehmann*, 39 S.W.3d at 205; *In re Harris Cty. Hosp. Dist. Aux.*, 127 S.W.3d at 159; *Lopez*, 2002 WL 31599472, at \*2. As such, the trial court's order was final and we have jurisdiction over the appeal.

## B.     Briefing waiver

Before reaching the merits of each issue, we preliminarily address Johnson's briefing waiver argument. Johnson contends Slaughter has waived all his issues because "virtually none of [Slaughter's] arguments [on appeal] were supported by legal

arguments or citations to relevant authority."

Texas Rule of Appellate Procedure 38.1(i) requires appellants to present a brief that includes a clear and concise argument for each issue raised, with appropriate citations to legal authority and the record. While we are required to interpret appellate briefs reasonably and liberally, parties asserting error on appeal must put forth some specific argument and analysis citing the record and authorities in support of their argument. *In the Interest of R.H.W. III*, 542 S.W.3d 724, 742 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citing *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error in the lower court. *Id.* (citing *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). When an appellant fails to make proper citations to authority or to the record or provide any substantive legal analysis, the issue is waived. *Id.* (citing Tex. R. App. P. 38.1(i) and *Canton–Carter*, 271 S.W.3d at 931).

Although it is appellant's burden to properly raise and discuss the issues presented for review, *see* Tex. R. App. P. 38.1(i), we are instructed to reach the merits on appeal whenever reasonably possible, *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

As discussed below, we conclude only Slaughter's first issue was waived. With respect to Slaughter's second and third issues, although Slaughter has provided minimal citations to authorities and has failed to cite the record, we are able to consider the merits of these issues because Slaughter has cited some authorities and the relevant record is not extensive. Accordingly, we do not foreclose Slaughter's second and third issues based on his briefing. *See id.*

9

## C.    Prior inconsistent rulings

In Slaughter's first issue, he contends that the trial court erred by granting Johnson's second amended no-evidence motion for summary judgment because granting the motion was inconsistent with the court's prior rulings. Slaughter asserts that the second amended motion "made identical claims to those in the original and the [first] amended motion which were previously denied by the court." Slaughter also asserts that the trial court found sufficient evidence to grant a temporary restraining order and a temporary injunction Slaughter had requested. Slaughter cites no rule or case law supporting his argument. Nor does he include any citations to the record to support this argument. Because Slaughter failed to adequately brief any argument in support of this issue, *see* Tex. R. App. P. 38.1(i), he has waived the issue.

Even absent briefing waiver, Slaughter could not prevail on this issue. As discussed below, if a nonmovant wishes to defeat a no-evidence summary judgment motion, it must timely file a response to the motion. Tex. R. Civ. P. 166a(i); *Zarate v. Rodriguez*, 542 S.W.3d 26, 42 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). A response to an earlier summary judgment motion or other evidence in the trial court's file does not constitute a response when it is not properly put before the court in response to the pending motion. *See Zarate*, 542 S.W.3d at 41. Slaughter filed no response to the second amended no-evidence summary judgment. The trial court properly granted the motion. *See Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017); *Zarate*, 542 S.W.3d at 41 ("Because Zarate did not file a response, the trial court was required to grant Rodriguez's motion").

In addition, the temporary restraining order and temporary injunction[4] issued by

---

[4] Generally, temporary injunctions automatically expire when a final judgment is rendered (if not previously dissolved). *Resolution Trust Corp. v. Chair King, Inc.*, 827 S.W.2d 546, 554 (Tex. App.—Houston [14th Dist.] 1992, no writ) (Sears, J., concurring); *Perry Bros., Inc. v. Perry*, 734 S.W.2d 211, 212 (Tex. App.—Dallas 1987, no writ).

the trial court did not relate to any issue in Slaughter's first amended petition, which was Slaughter's live pleading at the time Johnson filed his second amended motion. Slaughter's first amended petition withdrew any request for injunctive relief.

Were we to reach the merits of this issue, we would conclude that Slaughter has not shown that the trial court abused its discretion in granting Johnson's second amended no-evidence motion on this issue.

## D. "Sufficient evidence"

In his second issue, Slaughter argues that Johnson "failed to present sufficient evidence" in his second amended no-evidence motion for the trial court to find that there was not even a scintilla of evidence "on the issues presented by Slaughter." In support of this argument, Slaughter points out that Johnson's second amended no-evidence motion "addressed the issues on the cause of action for Trespass to Try Title but failed to enumerate the elements in the conversion cause of action."[5]

We review a trial court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, we must affirm summary judgment if any of the grounds advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Oliphint v. Richards*, 167 S.W.3d 513, 516 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)).

Slaughter appears to be confused about the standards applicable to no-evidence summary judgment. A no-evidence motion for summary judgment is essentially a

---

[5] Johnson argues that Slaughter waived this issue because Slaughter did not raise it before the trial court. But, this court has held that a challenge to a no-evidence summary judgment motion based on legal insufficiency may be presented for first time on appeal. *See Cuyler v. Minns*, 60 S.W.3d 209, 213–14 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

motion for a pretrial directed verdict and is governed by the standards of Texas Rule of Civil Procedure 166a(i). *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The movant must specify the elements as to which there is no evidence. *See Zarate*, 542 S.W.3d at 39, 41. Unless the nonmovant files a response producing evidence raising a genuine issue of material fact on each of the challenged elements, the trial court must grant the motion. Tex. R. Civ. P. 166a(i); *Town of Dish*, 519 S.W.3d at 608; *Zarate*, 542 S.W.3d at 39.

As the movant on a no-evidence motion for summary judgment, Johnson did not have the burden to produce any evidence; Johnson was required to specify the elements for which Slaughter had no evidence. *See* Tex. R. Civ. P. 166a(i). The burden to produce evidence was on Slaughter; to avoid summary judgment, Slaughter was required to present sufficient evidence to create a genuine issue of material fact with respect to the specified elements. *See id.*; *Zarate*, 542 S.W.3d at 39. Therefore, to the extent Slaughter's second issue is based on Johnson "fail[ing] to present sufficient evidence," we overrule the issue.

To the extent Slaughter argues that Johnson failed to allege no evidence exists on any specific element of Slaughter's conversion cause of action, we agree. "A motion for a no-evidence summary judgment must specifically 'state the elements as to which there is no evidence;' there may be no 'conclusory motions or general no-evidence challenges to an opponent's case.'" *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 147 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (quoting rule 166a(i) and 1997 cmt.). A motion that fails to identify and challenge one or more essential elements of a claim is insufficient as a matter of law and cannot sustain a no-evidence summary

12

judgment. *Cuyler v. Minns*, 60 S.W.3d 209, 212–13 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). To prevail on a no-evidence motion on Slaughter's conversion claim or his request for declaratory judgment, Johnson would have had to state in his motion that there was no evidence of one or more essential elements of these claims. *See* Tex. R. Civ. P. 166a(i); *Cuyler*, 60 S.W.3d at 212–13. Johnson failed to do so. Johnson did not argue in his motion that there was no evidence of one or more essential elements of Slaughter's conversion cause of action or his declaratory judgment cause of action. Johnson's motion did not mention the conversion cause of action, the declaratory judgment cause of action, or a single element of either of these causes of action. Accordingly, we must sustain, in part, Slaughter's second issue and reverse the trial court's grant of summary judgment on the conversion cause of action and the declaratory judgment cause of action.

Slaughter does not challenge the trial court's grant of summary judgment on Slaughter's trespass to try title claim. We, therefore, affirm the summary judgment on that claim.

**E.    Non-conforming judgment**

Slaughter also complains in his third issue of the damages and injunctive relief awarded to Johnson. Slaughter asserts Johnson did not file any pleadings to support his requests for affirmative relief. Slaughter emphasizes that Johnson never filed a counterclaim against Johnson.

Johnson asserts Slaughter waived this issue by failing to raise it before the trial court. To preserve an issue for appellate review, a party must make its complaint known to the trial court by a timely request or objection that is specific enough for the trial court to be aware of the complaint and then receive a ruling from the trial court. Tex. R. App. P. 33.1. Having reviewed the record, we disagree and find Slaughter adequately preserved this issue for appeal.

13

Before the trial court, Slaughter asserted this argument on more than one occasion. In a motion to set aside the judgment, Slaughter argued, "Defendant's Motion and Order claims damages which were never plead by him, [sic] and cannot become part of any judgment against the Plaintiff." In an emergency motion to stay the judgment, Slaughter asserted "Defendant never sued and/or filed pleadings with the court for injunctive relief" and "The court signed an order . . . granting the Defendant injunctive relief." Slaughter also filed a memorandum in support of his motion to set aside the judgment in which he cited rule 301 (judgment must conform to pleadings) and further expounded on the argument. We find Slaughter's argument was properly raised before the trial court. Accordingly, we turn to the merits of the issue.

We must properly characterize the amounts awarded to Johnson. In his brief, Slaughter states, "The trial court's Order award[ed] Johnson damages in the amount of $126,819.00." Although the court generally described the $126,819.00 as "damages," the court's descriptions of the amounts awarded make it clear that the court awarded Johnson a total of $26,260.00 in general damages, $559.00 in costs, and "not less than" $100,000.00 as sanctions. The order stated,

> IT IS HEREBY ORDERED that Defendant is awarded the following damages:
> - $1,150.00 to remove the remaining fence and the excessive 4 feet deep stake poles attached with 200lbs cement each poured around all 8 fence stake poles, 2 feet in circumference;
> - $6,760.00 for the removal of the old fence, and the installation of the new 7'6" treated privacy fence on 3-rail system with Rotboard 15ft slide gate;
> - $13,000.00 for the cost to replace Defendant's damaged Right of Way Driveway, which includes a licensed contractor, demolition permit, construction permit, City construction bond, architectural plan, all material including rebar, rebar twist ties, 10,000 psi concrete and 7 laborers to install.

14

- $559.00 for court costs and citation service fees brought by the Defendant;

- $2,850.00 for the Defendant's Theodolite Digital Land Survey and multiple replacement survey markers removed by Plaintiff;

- $2,500.00 for Defendant's new sod; yes, Plaintiff poured 10 gallons of grass killer in Defendant's yard [on] 10-08-2016, the day after Motion for Contempt Hearing was brought against Plaintiff.

- When the party against whom sanctions are sought cannot show due diligence, a court may award the party seeking sanctions all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the litigation. Tex. Civ. Prac. & Rem. Code §10.002(c). Plaintiff did not exercise due diligence, and because he did not, the court should award Defendant all costs for inconvenience, harassment, and out-of-pocket expenses caused by this litigation in and amount not less than $100,000.

With respect to the general damages and injunctive relief awarded to Johnson, we agree with Slaughter that the judgment does not conform to the pleadings. "A trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent." *Heritage Gulf Coast Prop., Ltd. v. Sandalwood Apts., Inc.*, 416 S.W.3d 642, 658 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see* Tex. R. Civ. P. 301. Although Johnson included a request for general damages in the prayer section of his answer, the damages were not connected to any cause of action asserted by Johnson. Johnson never filed a counterclaim against Slaughter. In addition, no cause of action supporting general damages or injunctive relief was tried by consent; Slaughter objected in his post-judgment motions that Johnson did not file any pleadings requesting affirmative relief. Consequently, we reverse the trial court's award of general damages and injunctive relief to Johnson.

We disagree with Slaughter's implied assertion that the trial court's award of costs to Johnson was inconsistent with the pleadings. Johnson requested costs in his answer and in his second amended no-evidence motion. Johnson was not required to

assert a counterclaim to support a request for costs. The successful party to a suit is entitled to recover from the other party all taxable court costs it incurred. Tex. R. Civ. P. 131; *Roberts v. Williamson*, 111 S.W.3d 113, 124 (Tex. 2003). Nonetheless, we conclude that because the results obtained by Johnson have changed because of our opinion, the award of costs must be reversed and remanded for further consideration by the trial judge in light of the changed disposition.[6] *See Jordan v. Bustamante*, 158 S.W.3d 29, 43–44 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (reversing and remanding to trial court for reallocation of costs where party was successful on appeal).

We also disagree with Slaughter's implied assertion that the trial court's award of sanctions to Johnson was inconsistent with the pleadings. Johnson included requests for sanctions in his second amended no-evidence motion for summary judgment. Johnson specifically stated the statute under which he sought sanctions and the amount of sanctions he sought:

> When the party against whom sanctions are sought cannot show due diligence, a court may award the party seeing sanction all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the ligitation. Tex. Civ. Prac. & Rem. Code §10.002(c). Plaintiff did not exercise due diligence, and because he did not, the court should award Defendant all costs for inconvenience, harassment, and out-of-pocket expenses caused by this litigation in an amount not less than $100,000.00.

Johnson was not required to assert a counterclaim to support his request for sanctions. *Cf. Mastin v. Jelinek*, No. 13–11–00494–CV, 2013 WL 1188107, at *3 (Tex. App.—Corpus Christi Mar. 21, 2013, no pet.) (mem. op.) (rejecting argument that trial court's award of attorney's fees as sanctions was unsupported by pleadings where motion for sanctions referenced statute sanctions were sought under and provision that

---

[6] Texas Rule of Civil Procedure 133 permits a court to award costs on motions. The costs awarded in this case, however, do not appear to be specific to Johnson's motion. The trial court's order identified "court costs and citation service fees brought by the Defendant" as the costs assessed.

fees could be assessed). Consequently, we reject Slaughter's argument that the sanctions portion of "damages" was unsupported by Johnson's pleadings. Slaughter does not challenge the award of sanctions on any other basis. Therefore, we overrule Slaughter's third issue with regard to the trial court's award of "not less than $100,000" in sanctions.

## III. CONCLUSION

We reverse the trial court's grant of summary judgment on conversion and declaratory judgment. We also reverse the trial court's award of general damages, injunctive relief, and costs. We affirm the remainder of the trial court's order. We remand this case for further proceedings consistent with this opinion.


/s/    Marc W. Brown
Justice


Panel consists of Justices Boyce, Jamison, and Brown.