**Opinion issued August 14, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00283-CV

_____

**REGINA MEEKS, Appellant**

**V.**

**GILLMAN OF FORT BEND, INC. D/B/A GILLMAN HONDA, Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-68814**

---

## MEMORANDUM OPINION

Regina Meeks appeals from the trial court's order granting summary judgment in favor of Gillman of Fort Bend, Inc. d/b/a Gillman Honda. Because the challenged order is not a final, appealable judgment, we dismiss this appeal for want of jurisdiction.

## Background

While visiting Houston from her home state of Arkansas, Meeks purchased a car from Gillman. Meeks made a partial down payment and signed a retail installment sales contract for the remainder of the car's purchase price. The contract stated that Ally Bank was the lender. According to Meeks, she contacted Ally Bank to set up payments, but they were unable to locate her account. When Meeks was later contacted by a different lender, Mechanics Bank, she discovered that Gillman had allegedly forged her signature on a different contract.

Meeks sued Gillman for fraud, forgery, negligent hiring, training, and supervision, gross negligent hiring, training, and supervision, and violations of the Texas Finance Code. She also pled for a "Declaratory Action"— requesting the trial court to "declare that the contract is void due to forgery."

Gillman moved for a no-evidence and traditional summary judgment on Meeks's "causes of action for fraud, forgery, negligent hiring, negligent training, negligent supervision, grossly negligent hiring, grossly negligent training, grossly negligent supervision, and violations of the Texas Finance Code." Gillman did not move for summary judgment on Meeks's request for declaratory relief.

The trial court granted Gillman's motion for summary judgment in a written "Order" which states as follows:

# ORDER

On this day the court heard the motion for summary judgment filed by Defendant Gillman of Fort Bend, Inc. d/b/a Gillman Honda. The court finds that the motion is meritorious and should be GRANTED. Accordingly,

It is ORDERED that Defendant Gillman of Fort Bend, Inc. d/b/a Gillman Honda's motion for summary judgment is GRANTED, and that Plaintiff Regina Meeks shall have and recover nothing of or from Defendant Gillman of Fort Bend, Inc. d/b/a Gillman Honda by way of this cause of action.

Meeks complains on appeal that the trial court erred in granting Gillman's motion for summary judgment. But, first, we must determine whether the trial court's order is a final, appealable judgment.[1]

## Jurisdiction

Excluding certain statutory exceptions that do not apply here, this Court's appellate jurisdiction is limited to the review of final judgments that dispose of all parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (listing appealable interlocutory orders). When, as here, there has been no trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim

---

[1] We must address this at the outset because it affects our jurisdiction—even though neither party challenges the finality of the trial court's order. "[W]e are obligated to review *sua sponte* issues affecting jurisdiction," and we may raise jurisdictional issues for the first time on appeal. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993).

3

and party or clearly and unequivocally states that it finally disposes of all claims and parties. *Lehmann*, 39 S.W.3d at 205.

Ordinarily, a reviewing court confronting an order that contains a finality phrase should not look at the record but, rather, should take the order at face value. *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018). But if an order's finality is not "clear and unequivocal"—then the reviewing court must examine the record to determine whether the trial court intended the order to be final. *In re R.R.K.*, 590 S.W.3d 535, 540 (Tex. 2019) (citing *In re Elizondo*, 544 S.W.3d at 827).

"[T]he language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 200. If the intent to finally dispose of the case is clear, "then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment." *Id.* "Granting more relief than the movant is entitled to makes the order reversible, but not interlocutory." *Id.* at 204.

Here, the face of the order is unclear as to whether the trial court intended to dispose of all of Meeks's claims against Gillman. The order is entitled only "Order," and it does not contain any finality language indicating that it "is final, disposes of all claims and all parties, and is appealable." *See, e.g.*, *In re Elizondo*, 544 S.W.3d at 825, 829 (holding that order containing this finality language was clear and

4

unequivocal).[2]   Instead, the order states that Meeks shall "recover nothing" from Gillman "by way of this cause of action."  The order's use of the phrase "cause of action," singular, and as opposed to suit or case, "suggests that summary judgment was not granted on all [of Meeks's] causes of action, plural." *See Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 277 (Tex. 1996).[3]

Because the order's finality is not "clear and unequivocal," we must examine the record to determine whether the trial court intended the order to be final. *In re R.R.K.*, 590 S.W.3d at 540.  Here, the record shows that Gillman's motion for summary judgment only addressed Meeks's causes of action for fraud, forgery, negligence, gross negligence, and violations of the Texas Finance Code—for which it sought recovery of damages.  It made no mention of Meeks's declaratory judgment action.  And Meeks did not reference the pending declaratory action in her summary judgment response, nor did Gillman in its reply.

Accordingly, in light of the record and the lack of any indication to the contrary in the language of the order, we conclude that, by granting Gillman's

---

[2]     *See also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) ("Language that the plaintiff take nothing by his claims *in the case*, or that *the case is dismissed*, shows finality if there are no other claims by other parties." (emphasis added)).

[3]     *Cf. In re Harris Cnty. Hosp. Dist. Auxiliary, Inc.*, 127 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("Because there are no other claims by other parties, language that Sparks *take nothing by her suit* against HCHDA and that her cause of action is dismissed shows finality." (emphasis added)).

motion for summary judgment and stating that Meeks "*recover nothing . . . by way of this cause of action*," the trial court intended to dismiss only those causes of action on which Meeks sought recovery of damages and which were actually addressed in Gillman's summary judgment motion. (Emphasis added); *see Boyd v. West*, No. 01-00-00230-CV, 2002 WL 285513, at \*2 (Tex. App.—Houston [1st Dist.] Feb. 28, 2002, no pet.) (holding that "order" stating plaintiff's singular "cause of action" against defendants was dismissed with prejudice was not final, appealable order because defendant's plea to jurisdiction pertained only to plaintiff's claims under TTCA, and not to other claims alleged in petition).[4]

We therefore hold that the trial court's order granting Gillman's motion for summary judgment did not dispose of all of Meeks's claims and is thus interlocutory. Because no statute authorizing an interlocutory appeal applies here, we further hold that our Court has no jurisdiction over Meeks's appeal.[5] *See id.*

---

[4] *Cf. Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 277 (Tex. 1996) (noting that order stating that plaintiffs' "cause of action is dismissed as being preempted" indicated summary judgment may not have been granted on newly added causes of action not addressed by motion, but ultimately holding that trial court "intended to render a final, appealable judgment" because order was entitled "final summary judgment" and plaintiffs directed trial court to new causes of action in their summary judgment response and in motion for new trial).

[5] On July 29, 2025, the Clerk of the Court notified Meeks that this appeal was subject to dismissal for want of jurisdiction unless she timely responded and showed how this Court has jurisdiction over the appeal. Meeks timely filed a response in which she concedes that the trial court's order granting Gillman's motion for summary judgment was not final and appealable and that "this Court currently lacks jurisdiction."

## Conclusion

We dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.


Terry Adams
Chief Justice


Panel consists of Chief Justice Adams and Justices Caughey and Johnson.